*In re* JOSÉ R. FRANCO RIVERA.

*Número:* TS-7127          *Resuelto:* 15 de marzo de 2017

*Tatiana M. Grajales Torruella*, subprocuradora general, y *Edna Evelyn Rodríguez Benítez*, procuradora general auxiliar; *Geisa M. Marrero Martínez* y *Yanis Blanco Santiago*, abogadas del Programa de Educación Jurídica Continuada; *Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías; *José R. Franco Rivera, pro se.*

PER CURIAM: Una vez más nos vemos obligados a suspender del ejercicio de la abogacía a un miembro de la profesión legal que, en reiteradas ocasiones, incumplió con las órdenes de este Tribunal. Veamos.

I

El Lcdo. José R. Franco Rivera fue admitido al ejercicio de la abogacía el 15 de mayo de 1981 y al ejercicio de la notaría el 17 de junio de 1981.

Posteriormente, allá para octubre de 2006, mediante opinión *per curiam*, suspendimos al licenciado Franco Rivera del ejercicio de la abogacía y la notaría por un periodo de tres meses. Consecuentemente, ordenamos la incautación de su obra notarial para su correspondiente inspección. Tras varios años de suspensión, el 22 de noviembre de 2010, el licenciado Franco Rivera presentó ante este Tribunal una petición de reinstalación al ejercicio de la profesión.

Evaluada la petición presentada por el licenciado Franco Rivera, el 3 de junio de 2011, emitimos una Resolución mediante la cual lo reinstalamos exclusivamente al ejercicio de la abogacía. En el mismo acto, le impusimos la obligación de subsanar serias deficiencias señaladas en su obra notarial.[1]

Así las cosas, posteriormente, la Oficina de Inspección de Notarías (ODIN) compareció ante esta Curia mediante una Moción Informativa y en Solicitud de Remedios, en la que detalló que, a pesar de que durante el proceso de reinstalación el licenciado Franco Rivera se mostró disponible para subsanar las deficiencias señaladas en su obra notarial, las faltas señaladas aún subsistían. Oportunamente, y en respuesta a los planteamientos de la ODIN, el licenciado Franco Rivera presentó una moción en la que solicitó un término de treinta días para subsanar las deficiencias señaladas. Ante este trasfondo fáctico, el 25 de octubre de 2013 emitimos una Resolución, notificada personalmente al licenciado Franco Rivera, mediante la cual le concedimos al letrado un término de treinta días para subsanar las deficiencias señaladas.

---

[1] Entre las deficiencias señaladas se encontraban las siguientes: el extravío de un Protocolo de Instrumentos Públicos, incumplimiento con la presentación de varios

Así pues, el 5 de diciembre de 2013, último día hábil del término concedido, el licenciado Franco Rivera presentó ante este Tribunal una solicitud de prórroga en la cual solicitaba que se le concediera hasta el 1 de febrero de 2014 para culminar la subsanación de su obra notarial. A esos efectos, el 27 de diciembre de 2013, emitimos una segunda Resolución en la que le concedimos al referido abogado una prórroga de treinta días para cumplir con nuestra Resolución previa y subsanar las deficiencias aludidas. No obstante, el licenciado Franco Rivera incumplió.

Tras el incumplimiento del letrado con las órdenes de este Tribunal, el 20 de mayo de 2014, emitimos una Resolución, notificada mediante correo certificado con acuse, en la cual le concedimos al licenciado Franco Rivera un término de diez días para cumplir con nuestra Resolución de 27 de diciembre de 2013. Además, le apercibimos de que su incumplimiento conllevaría severas sanciones, incluyendo la suspensión automática del ejercicio de la abogacía. Nuevamente, el licenciado Franco Rivera incumplió.

Así las cosas, el 14 de julio de 2014, el Director de la ODIN compareció ante esta Curia y nos informó sobre el reiterado incumplimiento por parte del letrado, quien manifestaba una conducta inconsistente y demostraba desidia en atender los señalamientos pendientes de subsanación. Oportunamente, el 5 de agosto de 2014, el licenciado Franco Rivera compareció ante nos e hizo varios señalamientos relacionados a la Inspectora de Protocolos, indicó que había realizado esfuerzos por corregir las faltas y que siempre había estado en la mayor disposición de culminar el proceso de subsanación. Así pues, solicitó, entre otras cosas, una prórroga de treinta días para subsanar las deficiencias señaladas.[2]

---

Índices Mensuales sobre Actividad Notarial, extravío u omisión de escrituras, deuda arancelaria en el Libro de Registro de Testimonios, falta de iniciales y firmas en varios instrumentos públicos autorizados.

[2] Además, el letrado solicitó, en síntesis, que se actualizara el Informe que nos presentó la Oficina de Inspección de Notarías (ODIN) y se particularizaran las defi-

El 30 de enero de 2015, este Tribunal emitió una Resolución, notificada el 5 de febrero de 2015, en la que le concedimos al licenciado Franco Rivera un término de treinta días para subsanar las deficiencias en su obra protocolar. Nuevamente, se le apercibió de que su incumplimiento conllevaría la imposición de sanciones disciplinarias. El letrado compareció el 18 de febrero de 2015 mediante una Réplica en Torno a Resolución, en la que alegó no haber recibido el Informe preparado por la ODIN, pero expresó que los treinta días que le fueron concedidos eran suficientes para subsanar las deficiencias señaladas.

No obstante lo anterior, el 9 de marzo de 2015, la ODIN compareció nuevamente ante nos mediante una Moción Informativa, en la que anejó un informe actualizado sobre las deficiencias señaladas y reiteró el incumplimiento por parte del licenciado Franco Rivera. A su vez, solicitó que se le ordenara al licenciado acudir a su oficina los días 28, 29 y 30 de abril de 2015 para subsanar las deficiencias. Oportunamente, el letrado presentó una Réplica en Torno a Moción Informativa, en la que expresó estar disponible para reunirse en las referidas fechas.

Vistas y evaluadas las mociones presentadas por las partes, el 19 de junio de 2015 este Tribunal emitió una Resolución, notificada el 29 de junio del mismo año, en la que concedió un término de veinte días —tanto a la ODIN como al letrado— para informar el resultado de las reuniones. Sin embargo, y no empece a lo ordenado por el Tribunal, el licenciado Franco Rivera no se presentó a las referidas reuniones. Así pues, el Director de la ODIN le envió una comunicación al mencionado abogado, reprogramando las reuniones para los días 15 y 22 de mayo, así

---

ciencias señaladas; que se le permitiera presentarse en el Archivo Notarial para trabajar con las deficiencias en las fechas y horas que su agenda profesional se lo permitiese, aunque la Inspectora de Protocolos no estuviera presente, y que se realizara un plan de trabajo en el que se llevaran a cabo reuniones una vez a la semana con la Inspectora de Protocolos.

como el 5 de junio de 2015. A estas últimas reuniones, el licenciado Franco Rivera compareció.

Ahora bien, no empece a ello, oportunamente la ODIN compareció ante este Tribunal y nos informó que a pesar de que el licenciado Franco Rivera compareció a las reuniones programadas, el mismo aún no había culminado el proceso de reconstrucción de una obra protocolar extraviada, no había satisfecho la deuda arancelaria y adeudaba Índices Notariales Mensuales. Ante este panorama, emitimos una Resolución el 20 de agosto de 2015, notificada el 21 de agosto de 2015, en la que concedimos al licenciado Franco Rivera un término de sesenta días para corregir, a sus expensas, las deficiencias que aún subsistían en su obra notarial. Nuevamente, el licenciado Franco Rivera incumplió.

Así pues, el 13 de mayo de 2015, este Tribunal emitió una Resolución, notificada personalmente, en la que concedimos al licenciado Franco Rivera un término de treinta días para atender los requerimientos de la ODIN y se le ordenó, además, que en un término de diez días compareciera ante nos y expresara las razones por las cuales no debíamos separarlo de la profesión legal ante su continuo incumplimiento. Oportunamente, el licenciado Franco Rivera compareció, alegando no haber recibido el Informe que la ODIN presentara ante esta Curia. Además, el letrado solicitó un término adicional para poder subsanar las deficiencias en su obra protocolar.

Posteriormente, el 28 de junio de 2015, el letrado compareció ante nos y solicitó que le concediéramos otro término adicional, hasta el 15 de agosto de 2015, para culminar la subsanación de las deficiencias señaladas. Sin embargo, a pesar del tiempo transcurrido, al día de hoy el licenciado Franco Rivera ha incumplido.

Es, precisamente, a la luz del cuadro fáctico y procesal antes expuesto que procedemos a disponer del caso ante nos.

## II

▪ Como es sabido, el Código de Ética Profesional recoge las normas de conducta que rigen a los miembros de la profesión legal. Este ordenamiento deontológico tiene como propósito promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa para beneficio de la ciudadanía, de la profesión y de las instituciones de justicia. El incumplimiento con estas normas que imponen la ley y el ordenamiento ético acarrea sanciones disciplinarias. *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Asencio Márquez*, 183 DPR 659 (2011).

▪ De particular importancia en el caso que nos ocupa resulta ser el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Este impone a los miembros de la profesión legal el deber de observar el mayor respeto hacia los tribunales. *In re Montalvo Delgado*, 196 DPR 542 (2016); *In re Torres Rodríguez*, 188 DPR 304 (2013); *In re Cuevas Borrero*, 185 DPR 189 (2012). Así pues, y como corolario del respeto profundo que deben tener los abogados y abogadas hacia el foro judicial, están obligados a responder a los requerimientos y las órdenes de este Tribunal. *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Irizarry Irizarry*, supra; *In re Martínez Romero*, 188 DPR 511 (2013); *In re Lugo Cruz*, 188 DPR 112 (2013). Esta obligación se extiende, además, a las exigencias y los requerimientos de la ODIN. *In re Salas González*, 193 DPR 387 (2015). Véanse, además: *In re Chardón Dubós*, 191 DPR 201 (2014); *In re Martínez Romero*, supra.

▪ Al respecto, en reiteradas ocasiones, hemos señalado que los abogados y las abogadas tienen la obligación de subsanar las deficiencias que la ODIN les notifique y no pueden asumir una actitud pasiva y esperar que esa dependencia de este Tribunal le contacte para corroborar que

se hayan corregido las deficiencias señaladas en su obra notarial. Todo lo contrario, es deber del abogado o abogada coordinar —con la ODIN— las reuniones necesarias para que se finalice el proceso de subsanación una vez se han identificado faltas en su obra notarial. *In re Vázquez González*, 194 DPR 688 (2016); *In re García Aguirre*, 190 DPR 539 (2014); *In re Padilla Santiago*, 190 DPR 535 (2014). Incumplir con esta obligación y desatender las órdenes de este Tribunal, constituye un serio desafío a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, *supra*. *In re Pestaña Segovia*, supra; *In re De León Rodríguez*, 190 DPR 378 (2014); *In re Dávila Toro*, 179 DPR 833 (2010); *In re González Carrasquillo*, 164 DPR 813 (2005).

En ese sentido, hemos expresado que no toleraremos la actitud de indiferencia por parte de un miembro de la profesión a nuestras órdenes o a los requerimientos de la ODIN. *In re García Aguirre*, supra; *In re López González*, 189 DPR 581 (2013). Así, pues, cuando un abogado o una abogada ignora los requerimientos de la ODIN y de este Tribunal, procede la suspensión indefinida e inmediata de la abogacía. *In re Pérez Román*, 191 DPR 186 (2014); *In re Martínez Romero*, 188 DPR 511 (2013); *In re Arroyo Rivera*, 182 DPR 732 (2011); *In re Montalvo Guzmán*, 169 DPR 847 (2007).

### III

En lo que respecta al caso de autos, como pudimos apreciar, en reiteradas ocasiones, el licenciado Franco Rivera ha hecho caso omiso a nuestras órdenes. A pesar del tiempo transcurrido —desde que se le notificaron las deficiencias, desde aproximadamente el 2010— y del sinnúmero de oportunidades que este Tribunal le ha brindado, éste no ha culminado el proceso de subsanación de su obra notarial. Tampoco ha respondido a nuestras órdenes y se ha mos-

trado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias por su conducta para con el Tribunal.

La conducta desplegada por el licenciado Franco Rivera, sin lugar a dudas, constituye un patrón de desidia y refleja falta de interés en continuar ejerciendo la profesión. En vista de ello, y ya habiendo suspendido al licenciado Franco Rivera del ejercicio de la notaría el pasado 16 de octubre de 2006, en esta ocasión *se le suspende inmediata e indefinidamente del ejercicio de la abogacía.*

*Se le impone al licenciado Franco Rivera el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta días a partir de la notificación de esta Opinión "per curiam" y Sentencia. Notifíquese personalmente.*

*Se dictará Sentencia de conformidad.*

El Juez Asociado Señor Martínez Torres no intervino.

