EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br>Nydia I. Espino Valcárcel<br>(TS-7902) | 2018 TSPR 30<br><br>199 DPR ____ |

Número del Caso: AB-2016-260


Fecha: 13 de febrero de 2018


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús


Abogado de la promovida:

    Por derecho propio


Materia: Conducta Profesional – La suspensión del abogado será efectiva el 20 de febrero de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nydia I. Espino Valcárcel          AB-2016-0260
        (TS-7902)

PER CURIAM

En San Juan, Puerto Rico, a 13 de febrero de 2018.

Una vez más nos vemos obligados a suspender a un miembro de la profesión legal por su reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y con las órdenes de este Tribunal. Veamos.

I.

La licenciada Nydia I. Espino Valcárcel fue admitida al ejercicio de la abogacía el 25 de enero de 1985 y al ejercicio de la notaría el 13 de febrero de 1991.

El 31 de agosto de 2016, el señor Marco A. Colón Cotto presentó una queja disciplinaria en contra de la licenciada Espino Valcárcel, en la que alegó que en el año 2010 le solicitó verbalmente a ésta que preparara cierta escritura de donación a su favor, que le entregó a la referida letrada la cantidad de $1,700.00 en efectivo para que realizara las gestiones relacionadas a la confección de dicha escritura, incluyendo la presentación e inscripción de la misma en el Registro de la Propiedad, y que ésta, a pesar de haber autorizado la mencionada escritura, nunca realizó las gestiones para presentar, en el Departamento de Hacienda, la documentación necesaria para obtener un Relevo de Donaciones y poder inscribir la misma. Según alega el quejoso, cada vez que le requería a la licenciada Espino Valcárcel evidencia de haber realizado dicho trámite, la mencionada letrada no se la proveía.

Recibida la queja en este Tribunal, el 8 de septiembre de 2016, la Subsecretaria de este Foro le cursó una comunicación oficial a la promovida, en la cual le concedió un plazo de diez (10) días para contestar la queja. Tras el incumplimiento de la referida letrada con dicho plazo, el 5 de octubre de 2016 la mencionada funcionaria de este Tribunal le envió una segunda comunicación a ésta, concediéndole un plazo final de diez (10) días para contestar, y le apercibió que, de no comparecer, el asunto sería referido ante nuestra consideración para la acción correspondiente. Transcurrido dicho término sin la comparecencia de la licenciada Espino

Valcárcel, esta Curia emitió una *Resolución y Orden*, en la cual le concedió a ésta un plazo final e improrrogable de cinco (5) días para contestar la queja en cuestión, con el apercibimiento de que su incumplimiento con nuestra orden podría conllevar sanciones disciplinarias, incluyendo la suspensión del ejercicio de la abogacía.

Así las cosas, el 28 de noviembre de 2016, transcurrido el término concedido por este Tribunal para ello, recibimos -- por correo regular -- la contestación de la licenciada Espino Valcárcel. En dicho escrito, con fecha del 21 de noviembre de 2016, la referida letrada expresó que el proceso ante el Departamento de Hacienda, referente a la escritura en controversia, no había finalizado, por lo que solicitó un término de treinta (30) días para completar dicho trámite y lograr la inscripción de la misma.

Contando con el beneficio de la contestación de la letrada, y para el informe de rigor, referimos el asunto ante la atención de la Oficina de Inspección de Notarías (ODIN). En aras de cumplir con lo ordenado, el 21 de febrero de 2017, la ODIN le cursó a la referida letrada un requerimiento inicial de documentos con fecha de vencimiento del 1 de marzo de 2017. En esencia, se le solicitó a la licenciada Espino Varcárcel que proveyera copia certificada de la escritura de donación en controversia, evidencia de los honorarios cobrados por las gestiones realizadas relacionadas a la escritura de donación y el alcance del acuerdo contractual de servicios profesionales. Además, se

le requirió que informara sobre el estatus de presentación de los documentos correspondientes ante el Departamento de Hacienda, con prueba fehaciente de las gestiones realizadas para tramitar el Relevo de Donación, y cualquier otra gestión posterior relacionada a la inscripción de la escritura en el Registro de la Propiedad.

Transcurrido el plazo concedido por la ODIN para que ésta presentara la referida documentación, el 16 de marzo de 2017 la mencionada dependencia de este Tribunal notificó a la licenciada Espino Valcárcel un segundo requerimiento de documentos e información. Para cumplir con el mismo, le concedió a la promovida hasta el 27 de marzo de 2017. En dicha ocasión, la ODIN apercibió a la referida letrada de que el incumplimiento con sus requerimientos podría acarrear sanciones disciplinarias como la suspensión de la profesión. Nuevamente, la licenciada Espino Valcárcel incumplió.

Así pues, ante el reiterado incumplimiento de la mencionada letrada con sus requerimientos, el 4 de abril de 2017 el licenciado Manuel E. Ávila De Jesús, Director de la ODIN, presentó ante este Tribunal un *Informe*, en el cual recomendó la suspensión inmediata de la licenciada Espino Valcárcel del ejercicio de la notaría, por un término no menor de noventa (90) días. Consecuentemente, este Foro emitió una *Resolución* en la que le concedió a la letrada en cuestión un término de veinte (20) días para que se expresara sobre el *Informe* presentado por la ODIN.

Posteriormente, el 23 de junio de 2017, emitimos otra *Resolución*, mediante la cual ordenamos, como medida cautelar, la incautación inmediata de la obra notarial de la licenciada Espino Valcárcel. En la misma *Resolución*, le concedimos a la letrada un término de diez (10) días para mostrar causa por la cual no debía ser suspendida del ejercicio de la abogacía y la notaría. Asimismo, se le apercibió que su incumplimiento con dicha *Resolución* podría conllevar la suspensión inmediata del ejercicio de la profesión.

Enterada de ello, el 19 de julio de 2017, la licenciada Espino Valcárcel presentó ante este Tribunal una moción solicitando una prórroga de un (1) día para cumplir con la Resolución del 23 de junio de 2017. Al día siguiente, la letrada compareció ante nos mediante una *Moción en Cumplimiento de Orden*, en la cual expresó -- sin más -- no recordar haber recibido el *Informe* de la ODIN y explicó que había tenido problemas con la correspondencia, por lo que alegadamente no había recibido ningún otro requerimiento de nuestra parte. La licenciada Espino Valcárcel también adujo que al recibir la queja presentada por el señor Colón Cotto, le envió a éste la información solicitada, entendiendo que con ello había puesto fin a la controversia. Indicó, además, que si había alguna falta de contestación a alguna orden de este Tribunal, no había sido por su voluntad, sino por el desconocimiento de la misma.

Evaluada la *Moción en Cumplimiento de Orden* presentada por la licenciada Espino Valcárcel, el 3 de agosto de 2017 emitimos una *Resolución*, en la cual, según dispuesto en el Art. 62 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2102, le impusimos a la letrada una sanción económica de $500.00 por haber desatendido los requerimientos de la ODIN, y, además, le concedimos un término final e improrrogable de quince (15) días para entregar los documentos solicitados por la referida dependencia de este Tribunal. La letrada no cumplió.

Transcurrido dicho término, el 22 de agosto de 2017, el Director de la ODIN compareció nuevamente ante nos mediante una *Moción Notificando Incumplimiento de Orden*. En la misma, reiteró el incumplimiento de la licenciada Espino Valcárcel con el término final que le fue concedido para que presentara los documentos solicitados. Además, señaló que ésta tampoco había satisfecho la sanción económica impuesta.

Días más tarde, el 24 de agosto de 2017, para ser específicos, la referida letrada presentó una **escueta** *Moción en Cumplimiento de Orden*, en la cual anejó un giro postal por la cantidad de $500.00, para dar cumplimiento con la sanción económica impuesta. Con respecto a la copia certificada de la escritura de donación, indicó que no le era posible entregar la misma, ya que tanto su obra notarial como su sello están bajo la custodia de este Tribunal, pues la misma fue incautada preventivamente. **En cuanto a los demás**

**documentos e información solicitados por la ODIN, la licenciada Espino Valcárcel no mencionó nada.**

Es, pues, a la luz de los hechos antes expuestos que procedemos a disponer del proceso disciplinario ante nuestra consideración.

## II.

Sabido es que el Código de Ética Profesional, 4 LPRA Ap. IX, -- el cual recoge las normas de conducta que rigen a los miembros de la profesión legal -- tiene como propósito promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa, *In re Cruz Liciaga*, 2017 TSPR 160, 198 DPR __ (2017); *In re López Santos*, 2016 TSPR 37, 194 DPR 960 (2016); *In re De Jesús Román*, 192 DPR 799 (2015); *In re Suárez Jiménez*, 192 DPR 152 (2014); lo que, a su vez, redunda en beneficio de la profesión, la ciudadanía y las instituciones de justicia; *In re Cruz Liciaga*, *supra*; *In re Franco Rivera*, 197 DPR 628 (2017); *In re Suárez Jiménez*, *supra.* Cónsono con ello, en reiteradas ocasiones hemos señalado que el incumplimiento con estas normas éticas acarrea sanciones disciplinarias. *In re Cruz Liciaga*, *supra*; *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Asencio Márquez*, 183 DPR 659 (2011).

A tenor con lo anterior, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece que todo abogado o abogada "*debe observar para con los tribunales una conducta*

que se caracterice por el mayor respeto". *In re López Méndez*, 196 DPR 956, 960-961 (2016); *In re Montalvo Delgado*,196 DPR 542, 549 (2016); *In re Torres Rodríguez*, 188 DPR 304 (2013). Como corolario del respeto profundo que deben tener los abogados y las abogadas hacia el foro judicial, el mencionado canon les ordena a éstos y éstas comparecer en tiempo a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por el foro judicial. *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Irizarry Irizarry*, *supra*; *In re Nieves Nieves*, 181 DPR 25 (2011). *Véase*, además, *In re Otero Fernández*, 145 DPR 582 (1998).

Dicho deber es extensivo a los requerimientos, órdenes y exigencias de la ODIN, por lo que todo abogado y abogada también debe responder con diligencia a los mismos. *In re Cruz Liciaga*, *supra*; *In re Franco Rivera*, *supra*; *In re Salas González*, 193 DPR 387 (2015). *Véanse,* además, *In re Chardón Dubos*, 191 DPR 201 (2014); *In re Martínez Romero*, 188 DPR 511 (2013). Ello, puesto que desatender los requerimientos de la ODIN y las órdenes de este Tribunal, constituye un serio desafío a la autoridad de los tribunales e infringe el Canon 9 de Ética Profesional, *supra*. *In re López Castro*, 197 DPR 819 (2017); *In re Núñez Vázquez*, 197 DPR 506 (2017); *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re De León Rodríguez*, 190 DPR 378 (2014); *In re Dávila Toro*, 179 DPR 833 (2010); *In re González Carrasquillo*, 164 DPR 813 (2005).

Como se sabe, este Tribunal ha sido enfático en no tolerar la actitud de indiferencia por parte de un miembro

de la profesión a nuestras órdenes, señalamientos o requerimientos. *In re Cruz Liciaga*, *supra*; *In re Franco Rivera*, *supra*; *In re García Aguirre*, *supra*; *In re López González*, 189 DPR 581 (2013). De este modo, cuando un abogado o abogada ignora los requerimientos y exigencias de la ODIN y de este Tribunal, procede la suspensión inmediata e indefinida de la abogacía. *In re Franco Rivera*, *supra*; *In re Pérez Román*, 191 DPR 186 (2014); *In re Martínez Romero*, 188 DPR 511 (2013); *In re Arroyo Rivera*, 182 DPR 732 (2011).

III.

En el presente caso, como ya ha quedado claramente demostrado, la licenciada Espino Valcárcel ha incumplido, **en reiteradas ocasiones**, con los requerimientos de la ODIN y con las órdenes de este Tribunal. Sin duda alguna, la conducta desplegada por la referida letrada es sinónimo de descuido y refleja una patente falta de interés en continuar ejerciendo la profesión. Ello, puesto que, a pesar de haber sido sancionada económicamente y apercibida, **en más de una ocasión**, de que su incumplimiento con los requerimientos de la ODIN y con las órdenes de este Tribunal acarrearía la suspensión inmediata del ejercicio de la profesión, la licenciada Espino Valcárcel ha insistido en no atender los mismos.

Siendo ello así, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría. En consecuencia, se le impone a la licenciada Espino Valcárcel el deber de notificar a todos sus clientes de su

inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, la fianza notarial de la señora Espino Valcárcel queda automáticamente cancelada; ésta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la señora Espino Valcárcel durante el periodo en que la misma estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Nydia I. Espino Valcárcel     AB-2016-0260
       (TS-7902)

SENTENCIA

En San Juan, Puerto Rico, a 13 de febrero de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende a la Lcda. Nydia I. Espino Valcárcel inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

En consecuencia, se le impone a la licenciada Espino Valcárcel el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, la fianza notarial de la señora Espino Valcárcel queda automáticamente cancelada; ésta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la señora Espino Valcárcel durante el periodo en que la misma estuvo vigente.

Notifíquese inmediatamente por fax, teléfono, correo electrónico y por la vía ordinaria.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Pabón Charneco está inhibida.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo