EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2018 TSPR 85 |
| Amaury Llorens Balzac | 200 DPR ____ |

Número del Caso:  TS-4,972


Fecha: 11 de mayo de 2018


Abogado del promovido:

Por derecho propio.


Programa de Educación Jurídica Continua:

Lcdo. José I. Campos Pérez
Director


Materia:  Conducta Profesional – La suspensión será efectiva el 15 de mayo de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:                                             Conducta

Amaury Lloréns Balzac          TS-4,972          Profesional

**PER CURIAM**

En San Juan, Puerto Rico, a 11 de mayo de 2018.

Por los antecedentes fácticos que esbozamos a continuación, nos vemos precisados a ejercer nuestra facultad disciplinaria contra un abogado por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y con las órdenes de este Tribunal. En consecuencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la práctica de la notaría al Lcdo. Amaury Lloréns Balzac.

**I**

El Lcdo. Amaury Lloréns Balzac (licenciado Lloréns Balzac) fue admitido al ejercicio de la

abogacía el 11 de diciembre de 1975 y prestó juramento como notario el 3 de febrero de 1976.

Según surge del expediente personal del letrado, el 21 de diciembre de 2009, el PEJC envió al licenciado Lloréns Balzac un *Aviso de Incumplimiento* en el que informó que tenía incumplidos los créditos requeridos por el *Reglamento del Programa de Educación Jurídica Continua,* según enmendado, 4 LPRA Ap. XVII-E, para el periodo del 1 de noviembre de 2007 al 31 de octubre de 2009. En esa comunicación le otorgó, entre otras alternativas, un término de sesenta días para tomar los cursos necesarios y pagar la multa por cumplimiento tardío, a tenor con la Regla 30 (c) del Reglamento del PEJC.

Al no valerse de ninguna de las alternativas propuestas, el PEJC citó al licenciado a una vista informal ante un Oficial Examinador a celebrarse el 24 de abril de 2012. Tras su incomparecencia, el Lcdo. Guillermo San Antonio Acha, Oficial Examinador, preparó un informe en el que indicó que el licenciado Lloréns Balzac no compareció a la vista informal señalada. En consecuencia, la entonces Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez emitió su determinación en la que advirtió al letrado que de incumplir con su obligación de subsanar la insuficiencia de créditos y el pago de la multa por cumplimiento tardío dentro del término de treinta días, a partir de la notificación de la determinación, el caso sería presentado ante la Junta de Educación Jurídica

Continua quien decidiría si el asunto debía referirse ante esta Curia. Se le apercibió, además, que se nos informaría los periodos posteriores incumplidos.  A pesar de ello, el licenciado Lloréns Balzac eludió nuevamente su obligación. Así las cosas, el 17 de noviembre de 2016 el Director del PEJC presentó un *Informe sobre incumplimiento con [el] requisito de Educación Jurídica Continua* refiriendo el asunto a nuestra atención. En este detalló que el licenciado Lloréns Balzac incumplió con los requisitos reglamentarios referentes a los períodos del 1 de noviembre de 2007 al 31 de octubre de 2009.

Surge del mismo informe que el abogado tampoco ha efectuado el pago de la multa correspondiente a este periodo ni ha cumplido con los requisitos reglamentarios referentes a los periodos del 1 de noviembre de 2009 al 31 de octubre de 2011 y del 1 de noviembre de 2011 al 31 de octubre de 2013. El letrado tampoco ha pagado la multa por cumplimiento tardío para esos periodos.[1] Asimismo, el Historial de Cursos Acreditados del abogado refleja que para el periodo de 1 de noviembre de 2013 al 31 de octubre de 2016 no tiene créditos acumulados.[2]

---

[1] Es menester destacar que, aunque se emitieron los avisos de incumplimiento correspondientes, el licenciado Lloréns Balzac no ha sido citado para una vista informal ni se le ha requerido el pago de la multa.

[2] Es preciso señalar que para estos periodos no se le ha notificado el Aviso de Incumplimiento ni se le ha solicitado el pago de la multa correspondiente por cumplimiento tardío, ya que no había transcurrido el término de sesenta días que dispone el Reglamento del Programa.

El 30 de noviembre de 2016 el licenciado Lloréns Balzac compareció mediante escrito titulado *Contestación a Informe sobre Incumplimiento de Educación Jurídica Continua*. Allí informó que desde el 2004 se había acogido al retiro ya que padecía de ciertas condiciones que le impedían ejercer la profesión a tiempo completo. Alegó que no había recibido notificaciones sobre incumplimientos, citaciones o multas. Sin embargo, admitió haber hecho gestiones para subsanar las deficiencias y pagar las multas impuestas. Ante ello, solicitó una prórroga de treinta días, la cual concedimos mediante Resolución de 16 de diciembre de 2016.

Transcurrido el término concedido sin que el licenciado Lloréns Balzac compareciera por escrito o subsanara las faltas señaladas por el PEJC, el 28 de marzo de 2017 emitimos una *Resolución* mediante la cual concedimos al letrado un término final de diez días, contados a partir de la notificación, para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión por incumplir con los requisitos del PEJC. Esta resolución fue notificada personalmente.

El 17 de abril de 2017 el licenciado Lloréns Balzac presentó un escrito titulado *Comparecencia para mostrar causa*. En síntesis, expresó que comenzó a tomar los cursos para completar los requisitos del Programa y que está realizando gestiones para cambiar su estatus de abogado activo a inactivo. Solicitó un término adicional para

cumplir con los requisitos reglamentarios. Examinada la comparecencia, el 28 de abril de 2017 emitimos una *Resolución* concediéndole treinta días adicionales para cumplir con su obligación.

En vista de que este no dio cumplimiento a nuestra orden, mediante *Resolución* del 21 de agosto de 2017, concedimos un término final e improrrogable de treinta días más. En esta ocasión le requerimos que presentara la certificación de cumplimiento emitida por el PEJC.[3] Se le apercibió que el incumplimiento con la resolución conllevaría severas sanciones incluyendo la suspensión del ejercicio de la profesión. Esta resolución fue diligenciada por un alguacil de este Tribunal. La misma fue recibida por el licenciado Lloréns Balzac el 23 de agosto de 2017. Al momento el letrado no ha comparecido ni ha dado cumplimiento con lo ordenado.

## II

El Código de Ética Profesional, 4 LPRA Ap. IX, tiene el propósito de "promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa […]".[4] Con ese norte, al prestar juramento para ejercer la abogacía,

---

[3] Surge del expediente una *Certificación* emitida por el Director del PEJC el 3 de agosto de 2007. Esta refleja que el abogado cumplió con el periodo de 2007-2009 y pagó la multa por cumplimiento tardío para los periodos correspondientes al 2007-2009, 2009-2011 y 2011-2013. No obstante, aún tiene incumplidos los créditos requeridos para los periodos 2009-2011, 2011-2013 y 2013-2016. Además, aún debe la multa por el periodo de 2013-2016.

[4] *In re Alberty Oms*, 2018 TSPR 51, 199 DPR ___ (2018); *In re Espino Valcárcel*, 2018 TSPR 30, 199 DPR ___ (2018).

los togados "se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y responsabilidades que les impone la ley y el Código de Ética Profesional".[5]

En innumerables ocasiones hemos expresado que el ejercicio de la profesión jurídica requiere que todo abogado y abogada observe rigurosamente los requerimientos de este Tribunal.[6] Este mandato ético se encuentra establecido, particularmente, en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Específicamente, este precepto ético obliga a los abogados y a las abogadas a "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[7] Como funcionarios del tribunal, éstos tienen la obligación de atender y obedecer tanto a las órdenes de este Tribunal como a las de cualquier foro al que se encuentren obligados a comparecer.[8]

En ese sentido, los abogados y las abogadas que ignoran nuestras órdenes y muestran indiferencia ante nuestros apercibimientos sobre sanciones disciplinarias, se exponen a una separación inmediata e indefinida de la profesión.[9] Según hemos sostenido en innumerables ocasiones

---

[5] *In re González López*, 2018 TSPR 28, 199 DPR ___ (2018), citando a *In re Jiménez Meléndez*, 2017 TSPR 119, 198 DPR ___ (2017).

[6] *In re Lee Navas,* 2017 TSPR 208, 198 DPR __ (2017).

[7] *In re Lee Navas*, *supra*; *In re Abreu Figueroa,* 2017 TSPR 126, 198 DPR __ (2017); *In re Mangual Acevedo*, 197 DPR 998 (2017); *In re Marín Serrano*, 197 DPR 535 (2017).

[8] *In re Marín Serrano*, *supra*, pág. 539.

[9] *In re Muriente Colón,* 2018 TSPR 41, 199 DPR __ (2018); *In re Colón Cordovés*, 195 DPR 543, 547 (2016).

y esta ocasión no será la excepción: "este Tribunal no ha de tomar livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad".[10]

De otra parte, el Canon 2 del Código de Ética Profesional, requiere que, con el fin de viabilizar "[…] una representación adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […]". Conforme a lo anterior, establecimos "un programa de educación jurídica continua obligatoria dirigido a alentar y contribuir al mejoramiento académico de toda persona que ejerce la profesión del Derecho". De manera que los abogados y las abogadas "se mantengan al día en la jurisprudencia, la legislación, la doctrina y las destrezas necesarias para el desempeño de su profesión dentro de los más altos niveles de calidad y competencia".

Por lo tanto, todo abogado debe cumplir con los requisitos establecidos en el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, y el Reglamento del Programa de Educación Jurídica Continua, *supra*. En esa línea hemos expresado que "[l]a desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de recursos administrativos por parte de ese programa, sino

---

[10] *In re Soto Rivera*, 2017 TSPR 115, 198 DPR __ (2017); *In re Santaliz Martell*, 194 DPR 911, 914 (2016); *In re Dávila Toro*, 193 DPR 159, 164 (2015).

que, además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional".[11]  Como consecuencia, nos hemos visto obligados a suspender indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requerida.

### III

Este caso reseña la conducta de un abogado que, pese a las múltiples oportunidades concedidas y de los apercibimientos que le hiciéramos respecto a las consecuencias que acarrearía el no subsanar la insuficiencia de créditos y de no acatar nuestras órdenes, este ha incumplido con su deber de responder oportunamente a los requerimientos de este Tribunal. Este cuadro fáctico se agrava ante las deficiencias de créditos que aún tiene con el PEJC y que al día de hoy no han sido subsanadas.

Es pertinente destacar que el licenciado en una de sus comparecencias expresó que en el 2004 cerró su oficina ya que se había acogido al retiro. Señaló, que desde entonces su práctica era muy limitada. Si esa era su circunstancia particular, bien pudo solicitar un cambio de estatus de activo a inactivo durante el periodo de tiempo en que estuvo sin ejercer.

---

[11] *In re Muriente Colón, supra; In re Mc Connie Sohorter*, 2018 TSPR 29, 199 DPR __ (2018).

Por otro lado, expresó que no había recibido citaciones ni multas. Sin embargo, asumimos que sí recibía correspondencia al apartado postal al que se le remitían las comunicaciones, pues de otra forma era muy poco probable que tuviese oportunidad de contestar el *Informe de Incumplimiento de Educación Jurídica Continua* ni de comparecer mediante mociones solicitando las prórrogas que en su momento le fueron concedidas.

## IV

De conformidad con el derecho aplicable, así como por la conducta exhibida por el Lcdo. Amaury Lloréns Balzac, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría. Como consecuencia, deberá notificar de forma inmediata a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados.

Asimismo tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta días contados a partir de la notificación de esta Opinión *per curiam* y Sentencia. No hacerlo pudiera conllevar a que no se le reinstale cuando lo solicite.

El Alguacil de este Tribunal deberá incautar inmediatamente la obra y sello notarial del licenciado Lloréns Balzac y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. Consecuentemente, su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el licenciado Lloréns Balzac durante el periodo en que la misma estuvo vigente.

Notifíquese inmediatamente al señor Lloréns Balzac esta Opinión *per curiam* y *Sentencia*.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:                                          Conducta
                                                 Profesional

Amaury Lloréns Balzac          TS-4,972


SENTENCIA

En San Juan, Puerto Rico, a 11 de mayo de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía y la notaría al Lcdo. Amaury Lloréns Balzac.

Como consecuencia, deberá notificar de forma inmediata a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados.

Asimismo tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta días contados a partir de la notificación de esta Opinión *per curiam* y Sentencia. No hacerlo pudiera conllevar a que no se le reinstale cuando lo solicite.

El Alguacil de este Tribunal deberá incautar inmediatamente la obra y sello notarial del

licenciado Lloréns Balzac y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. Consecuentemente, su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el licenciado Lloréns Balzac durante el periodo en que la misma estuvo vigente.

Notifíquese inmediatamente al señor Lloréns Balzac esta Opinión per curiam y Sentencia.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


                    Juan Ernesto Dávila Rivera
                  Secretario del Tribunal Supremo