EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Luis A. Ortiz López | 2019 TSPR 13<br><br>201 DPR ____ |

Número del Caso: TS-10,039


Fecha: 22 de enero de 2019


Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director


Materia: Conducta Profesional – La suspensión será efectiva el 4 de febrero de 2019. Fecha en que se le notificó al abogado, por correo postal certificado y correo electrónico de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| *In re:* | |
| Luis A. Ortiz López | TS-10,039 |

**PER CURIAM**

En San Juan, Puerto Rico, a 22 de enero de 2019.

Tenemos nuevamente la obligación de ejercer nuestra facultad disciplinaria contra un abogado por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y por no acatar las órdenes de este Tribunal. Por los fundamentos que enunciamos a continuación suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la práctica de la notaría al Lcdo. Luis A. Ortiz López (licenciado Ortiz López).

I

El licenciado Ortiz López fue admitido a la práctica de la abogacía el 13 de enero de 1992 y juramentó como notario el 30 de enero de 1997. Surge de su expediente que el 22 de diciembre de 2006 lo suspendimos del ejercicio de la abogacía y de la notaría. El 17 de abril de 2007,

emitimos una Resolución en la que autorizamos la readmisión del abogado al ejercicio de la abogacía.[1] El 1 de julio de 2015, luego de cumplir con los requisitos de fianza notarial, autorizamos su readmisión a la práctica de la notaría. Sin embargo, este nunca requirió la obra notarial que formó en los años previos a su suspensión. Esta se encuentra bajo la custodia del Archivo General de Protocolos del Distrito Notarial de Humacao.

El 6 de febrero de 2018 el licenciado Ortiz López acudió a ODIN para informar que perdió parte de la obra notarial, que formó posteriormente, a causa del Huracán María. También notificó que adeudaba varios informes notariales al Registro General de Competencias Notariales. Ese mismo día, el Lcdo. Manuel E. Ávila De Jesús, Director de ODIN, autorizó el traslado de la obra notarial del letrado a ODIN y le notificó para que compareciera a la inspección y la reconstrucción de su obra. Envió la comunicación a la dirección postal y al correo electrónico que consta en el Registro Único de Abogados y Abogadas. Sin embargo, el abogado no compareció a la reunión pautada ni se comunicó para excusar su ausencia o coordinar una nueva fecha.[2]

---

[1] La resolución se emitió el 17 de abril de 2007, no obstante, la fecha de readmisión se hizo efectiva el 16 de abril de 2007.

[2] El 20 de marzo de 2018 la Lcda. Nilda L. Delgado Lugo remitió al abogado un correo electrónico en el que hizo constar las innumerables ocasiones en que había intentado infructuosamente comunicarse con él. Le apercibió sobre la importancia de calendarizar una cita para la inspección de la obra.

Así las cosas, el 3 de mayo de 2018 la Lcda. Nilda L. Delgado Lugo, Inspectora de Protocolos, envió al letrado una carta en la que informó que el 28 de mayo de 2018 debía asistir a la reunión para completar el proceso de inspección y reconstrucción de la obra notarial a su cargo.[3] Informó que no admitiría ninguna solicitud de suspensión o posposición a no ser por justa causa y por comunicación escrita dirigida al Director de ODIN con un mínimo de cinco días laborables previo al señalamiento acordado. Además, apercibió sobre la obligación ineludible que tiene todo abogado de responder diligentemente a los requerimientos de ODIN como si fuera el Tribunal Supremo, por lo que el incumplimiento con la citación podría conllevar la presentación de un Informe ante nuestra consideración. El licenciado Ortiz López no asistió a la reunión señalada.

El 5 de octubre de 2018 el Director de ODIN presentó ante esta Curia una *Urgente moción en solicitud de incautación preventiva de la obra notarial y otros remedios*. En el escrito detalló que, después de que se ausentara a la reunión programada con la inspectora de protocolos, el licenciado Ortiz López visitó ODIN sin tener citación oficial. Específicamente, el 25 de septiembre de 2018 se personó para entregar un nuevo libro que serviría para reconstruir el Registro de Testimonios a su cargo.

---

[3] La misiva se envió el 4 de mayo de 2018 por correo certificado con acuse de recibo y se le adelantó una copia a su correo electrónico.

Señaló que el abogado se comprometió a regresar en horas de la tarde para entregar los protocolos y el expediente de los informes notariales que adeudaba desde abril de 2017. Sin embargo, no regresó ni se comunicó para justificar su incomparecencia o solicitar una nueva cita. Apuntó que el notario ha incumplido con su obligación de rendir sus Informes de Actividad Notarial Mensual de diciembre de 2006 y los de abril de 2017 hasta septiembre de 2018.[4] También, destacó que debe los Informes Estadísticos de Actividad Notarial Anual correspondientes a los años 2016 y 2017.

Ante ello, el 19 de octubre de 2018 emitimos una *Resolución* mediante la cual concedimos al letrado un término de veinte días, contados a partir de la notificación, para que completara el proceso de reconstrucción de obra protocolar y presentara los informes correspondientes. Le ordenamos que en el mismo término mostrara causa por la cual no debía ser suspendido inmediata e indefinidamente del ejercicio de la abogacía y de la notaría ante el incumplimiento con su obligación de presentar los informes correspondientes e ignorar los requerimientos cursados por ODIN. Además, que expresara las razones por las cuales no debíamos imponerle una sanción

---

[4] La moción señala que debe los "Informes de Actividad Notarial Mensual desde el mes de abril de 2017 al presente" y los "Informes Estadísticos de Actividad Notarial Anual correspondiente a los años naturales 2016 y 2017". Véase, *Urgente moción en solicitud de incautación preventiva de la obra notarial y otros remedios*, pág. 4. No obstante, el Registro General de Competencias Notariales emitió una *Certificación* con fecha de 3 de octubre de 2018 que establece que el notario adeuda los índices notariales correspondientes a diciembre de 2016 y abril 2017 a septiembre 2018. Además, adeuda los Informes de Actividad Notarial Anual de los años 2016 y 2017. *Íd.*, Anejo V.

económica de $ 500, conforme lo establecido en el Art. 62 de la Ley Notarial, Ley Núm. 75 de 2 de julio 1987, según enmendada, 4 LPRA sec. 2102. Finalmente, le apercibimos que el incumplimiento con la resolución podría conllevar la imposición de sanciones más severas, incluso la suspensión de la abogacía.

El 25 de octubre de 2018 un Alguacil del Tribunal diligenció personalmente la Resolución. En esta ordenamos la incautación preventiva de la obra protocolar y el sello notarial del letrado. Al momento de incautar la obra protocolar el abogado manifestó que no tenía la obra notarial en su poder. Únicamente entregó su sello notarial. Al día de hoy no ha cumplido con lo que ordenamos.

II

Como parte de nuestra facultad inherente de regular la profesión jurídica en Puerto Rico nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[5] Este mandato ético se encuentra establecido, particularmente, en el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Específicamente, este precepto ético los obliga observar para con los tribunales

---

[5] *In re Marín Serrano*, 197 DPR 535, 538 (2017); *In re Montalvo Delgado*, 196 DPR 541, 549 (2016); *In re Sepúlveda Torres*, 196 DPR 50, 53 (2016); *In re Oyola Torres*, 195 DPR 437, 440 (2016); *In re Vera Vélez*, 192 DPR 216, 226 (2015).

una conducta que se caracterice por el mayor respeto.[6] Esta obligación se extiende a todos aquellos requerimientos que emitan la Oficina del Procurador General, ODIN y el Programa de Educación Jurídica Continua.[7]

En ese sentido, los abogados y las abogadas tienen un deber ineludible de respetar, acatar y responder diligentemente nuestras órdenes y los requerimientos de los entes mencionados.[8] Su inobservancia constituye una afrenta a la autoridad de los tribunales e infringe el precitado Canon 9 del Código de Ética Profesional, *supra*.[9] Por consiguiente, el incumplimiento con los requerimientos del Tribunal constituye un serio agravio a la autoridad de los Tribunales y es suficiente para decretar su separación indefinida de la profesión.[10]

Asimismo, hemos expresado que el notario no puede asumir una actitud pasiva ante los señalamientos realizados por ODIN en cuanto a las deficiencias de la obra notarial.[11] Tampoco esperar que sea este Tribunal quien le notifique las deficiencias señaladas en la obra notarial que no han sido corregidas. Por el contrario, una vez ODIN

---

[6] *In re López Santiago*, 199 DPR 797, 808 (2018); *In re Mangual Acevedo*, 197 DPR 998 (2017); *In re Abreu Figueroa,* 198 DPR 532, 538 (2017); *In re Marín Serrano*, *supra*.

[7] *In re Abreu Figueroa*, *supra*, pág. 538; *In re Montañez Melecio*, 197 DPR 275 (2017).

[8] *In re Abreu Figueroa*, *supra*, pág. 538; *In re Santaliz Martell*, 194 DPR 911, 914 (2016).

[9] *In re López Santiago, supra*, pág. 808*; In re Dávila Toro*, 193 DPR 159, 163 (2015); *In re Pacheco Pacheco,* 192 DPR 553, 560 (2015); *In re García Incera*, 177 DPR 329, 331 (2009).

[10] *In re López Santiago, supra*; *In re Abendaño Ezquerro*, 198 DPR 677, 681 (2017); *In re Pastrana Silva*, 195 DPR 366, 369 (2016); *In re Irizarry Irizarry*, 190 DPR 368 (2014).

[11] *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re Abendaño Ezquerro*, *supra*.

identifica y señala alguna falta en la obra protocolar del notario, recae en éste la obligación de poner su obra al día y de subsanar cualquier deficiencia en ella.[12]

Los requerimientos que hace ODIN son análogos a las órdenes que emite este Tribunal, por lo que ameritan la misma diligencia.[13] Esto es así porque el ejercicio de la notaría requiere el mayor celo en el cumplimiento de las obligaciones que imponen la Ley Notarial y su Reglamento, así como los deberes éticos.[14] En consecuencia, el incumplimiento con un requerimiento de la ODIN podría producir el mismo efecto que la desobediencia con una orden emitida por este Tribunal, entiéndase la suspensión indefinida e inmediata de la abogacía y la notaría.[15]

Como es sabido, los notarios tienen la obligación de adherirse estrictamente al cumplimiento de todos aquellos deberes y las obligaciones que le impone su función notarial. En el desempeño de estos deberes el abogado está llamado a ser en extremo cuidadoso y desempeñarse con esmero, diligencia y estricto celo profesional.[16] El incumplimiento con estas fuentes de obligaciones y deberes lo expone a la acción disciplinaria correspondiente.

Cónsono con lo anterior, el Art. 48 de la Ley Notarial

---

[12] *Íd.*

[13] *In re Pratts Barbarossa*, 199 DPR 594, 599 (2018); *In re Núñez Vázquez,* 197 DPR 506, 513 (2017); *In re Franco Rivera,* 197 DPR 628 (2017); *In re Vázquez González,* 194 DPR 688, 695 (2016).

[14] *In re Abendaño Ezquerro*, *supra.*

[15] *In re Pratts Barbarossa, supra;  In re Núñez Vázquez, supra; In re Franco Rivera, supra; In re Vázquez González, supra.*

[16] *In re Bryan Picó*, 192 DPR 246 (2015); *In re Martínez Sotomayor*, 189 DPR 492 (2013).

de Puerto Rico, 4 LPRA sec. 2072, dispone que los notarios son los encargados de guardar celosa y responsablemente los protocolos para que no se pierdan o menoscaben.[17] Por lo tanto, estos son responsables de su integridad y están sujetos a sanciones si esos documentos se deterioran o pierden por su falta de diligencia.[18] El compromiso del notario con relación al cuidado de los protocolos es de tal grado que el referido artículo impone sobre este la responsabilidad por su deterioro o pérdida y está obligado a reponerlos o restaurarlos a sus expensas.[19]

Por otro lado, la Ley Notarial, *supra*, impone a los notarios y las notarias la obligación de rendir los índices e informes notariales dentro del término provisto en ley.[20] No hacerlo constituye una falta grave a los deberes que estos tienen como custodios de la fe pública notarial. En consecuencia, se exponen a sanciones disciplinarias severas.[21] Por lo tanto, los notarios y las notarias que no puedan cumplir íntegramente con las obligaciones que les imparte la Ley Notarial y su reglamento, deben inhibirse de ejercer la notaría.[22]

III

---

[17] Véanse, además, *In re Rosebaum*, 189 DPR 115 (2013); *In re González Maldonado*, 152 DPR 871 (2000); *In re Sánchez Quijano*, 148 DPR 509 (1999).
[18] *In re Bryan Picó, supra*; *In re Rosebaum, supra*.
[19] *Íd*.
[20] Véase los Arts. 12 y 13-A de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq*. Véase, además, *In re Núñez Vázquez, supra*, págs. 510-511; *In re Cabrera Acosta*, 193 DPR 461 (2015); *In re Santiago Ortiz*, 191 DPR 950 (2014).
[21] *In re Núñez Vázquez, supra*, pág. 511.
[22] *Íd*.

A pesar de los múltiples requerimientos cursados al licenciado Ortiz López, este incumplió con su deber de entregar la obra solicitada, de responder cuando se le requirió y de completar el proceso de inspección protocolar. A ello se le suma el hecho de que su obra notarial necesita ser reconstruida y todavía adeuda los Informes de Actividad Notarial Mensual señalados y los Informes Estadísticos de Actividad Notarial Anual correspondientes a los años 2016-2017.

En cuanto a las órdenes que se emitieron, hizo caso omiso; aun cuando se le apercibió expresamente sobre las consecuencias de su incumplimiento. Ciertamente, la actitud de dejadez y desidia demostrada por el licenciado Ortiz López ante los distintos foros, constituyó un claro menosprecio a nuestra autoridad y prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión.

IV

En vista de lo anterior, suspendemos inmediata e indefinidamente al licenciado Ortiz López de la abogacía y la notaría. En consecuencia, el señor Ortiz López deberá notificar de forma inmediata a todos sus clientes de su inhabilidad de seguir representándolos, devolverles los expedientes de casos atendidos o pendientes de resolución y cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, tiene la responsabilidad de informar inmediatamente de su suspensión a todos los foros

judiciales y administrativos en los que tenga algún caso pendiente.

De igual manera, el señor Ortiz López tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta días contados a partir de la notificación de esta Opinión *per curiam* y Sentencia. No hacerlo pudiera conllevar a que no se le reinstale cuando lo solicite. Además, se le impone una sanción económica de $ 500, según el Art. 62 de la Ley Notarial, *supra*.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar que el señor Ortiz López no entregó en el primer proceso de incautación y entregarla al Director de ODIN para la investigación e informe correspondiente. En su defecto, el abogado deberá informar si esos instrumentos públicos también se extraviaron y es necesario encaminar un proceso de reconstrucción de obra protocolar, al amparo de la Regla 58A del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV. Consecuentemente, su fianza notarial queda automáticamente cancelada. La fianza notarial se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el abogado durante el periodo en que estuvo vigente.

Notifíquese inmediatamente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In Re:* | | |
| Luis A. Ortiz López | TS-10,039 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos inmediata e indefinidamente de la práctica de la abogacía y la notaría al Lcdo. Luis A. Ortiz López.

En consecuencia, el señor Ortiz López deberá notificar de forma inmediata a todos sus clientes de su inhabilidad de seguir representándolos, devolverles los expedientes de casos atendidos o pendientes de resolución y cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, tiene la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente.

De igual manera, el señor Ortiz López tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta días contados a partir de la notificación de esta Opinión *per curiam* y Sentencia. No hacerlo pudiera conllevar a que no se le reinstale cuando lo solicite. Además, se le impone una sanción económica de $ 500.00, a tenor con lo establecido en el Art. 62 de la Ley Notarial, según enmendada, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2102.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar que el señor Ortiz López no entregó en el primer proceso de incautación y entregarla al Director de ODIN para la investigación e

informe correspondiente. En su defecto, el abogado deberá informar si esos instrumentos públicos también se extraviaron y es necesario encaminar un proceso de reconstrucción de obra protocolar, al amparo de la Regla 58A del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV. Consecuentemente, su fianza notarial queda automáticamente cancelada. La fianza notarial se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el abogado durante el periodo en que estuvo vigente.

Notifíquese inmediatamente.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo