*In re* LIC. PEDRO PÉREZ RODRÍGUEZ, querellado.

*Número:* O-82-441    *Resuelto:* 29 de junio de 1984

*Miguel Pagán, Procurador General Interino, y Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Jesús E. Palmer, Manuel Martínez Umpierre* y *Juan Cancel Ríos,* abogados del querellado; *Pedro Pérez Rodríguez, pro se.*

PER CURIAM: El Procurador General formuló querella contra el abogado y notario Lcdo. Pedro Pérez Rodríguez en que le formuló los siguientes cargos:

### Cargo I

El abogado-notario Pedro Pérez Rodríguez incurrió en conducta inmoral, antiética y en contravención a la Fe Pública

Notarial cuando autorizó un affidavit, el cual utilizó como prenda el señor Israel Candelaria [Galán] para coger un préstamo en el Banco de San Juan, el cual no pagó el Sr. Candelaria [Galán] y por lo cual fue luego demandado junto a su hermana en cobro de dinero y ejecución de hipoteca por la vía ordinaria. El Sr. Israel Candelaria [Galán], hermano de la querellante Aida Candelaria Maldonado, presentó al Banco dicha prenda como que fue firmado por ella ante el abogado querellado, cuando ella jamás compareció ante él a firmar dicho documento. El abogado aceptó la falsificación de la firma y el endoso fraudulento ante él. Su conducta viola la sección 1006 de la Ley Notarial (4 L.P.R.A. secs. 1001 *et seq.*).

### Cargo II

El abogado Pedro Pérez Rodríguez actuó en forma antiética, tratando de relevarse u obviar su responsabilidad en relación con doña Aida Candelaria Maldonado al radicar un pleito contra la querellante Aida Candelaria Maldonado, quien fue la persona verdaderamente afectada por la omisión y/o negligencia del propio querellado en el otorgamiento del affidavit a que hemos hecho alusión en el Cargo I. (Refiérase al caso Civil Número 78-1309 radicado en el Tribunal Superior de Puerto Rico, Sala de Arecibo, del *Banco de San Juan* vs. *Israel Candelaria Galán, Aida M. Candelaria* y otros sobre cobro de dinero y ejecución de hipoteca y al caso Civil Número 80-2072 radicado en el Tribunal Superior, Sala de Arecibo, de *Fructuosa Rodríguez Rosado y Pedro Pérez Rodríguez* vs. *Israel Candelaria Galán y Aida Candelaria Maldonado*.) Con dicha conducta violó [los Cánones] 34 y 35 de los de Ética Profesional.

### Cargo III

El abogado Pérez Rodríguez incurrió en conducta inmoral y antiética al comprar al señor Israel Candelaria Galán su participación equivalente a una mitad en la propiedad descrita en la demanda radicada en el caso 80-2072 *supra* (alegaciones cuarta y quinta de la demanda), adquiriendo bienes que estaban en litigio entre los hermanos Candelaria. Dicha conducta viola [los Cánones] 26 y 35 de los de Ética Profesional.

En su contestación, el querellado admitió haber autorizado el afidávit a que se refiere el cargo número I, y señaló que la persona firmante le fue presentada por el Gerente del

Banco de San Juan y le fue identificada por el Sr. Israel Candelaria Galán como su hermana Aida Candelaria Maldonado. Negó, en cuanto al cargo número II, que tratara de relevarse u obviar su responsabilidad en relación con doña Aida Candelaria Maldonado y alegó que "[p]or el contrario, entendemos que nuestra intervención como Abogado [*sic*] y Notario [*sic*] en torno a los hechos objeto de la presente querella se realizó en todo momento dentro de un marco de la más estricta responsabilidad profesional". Alegó, en cuanto al cargo número III, que "[s]e ignoraba que la participación de Israel Candelaria tuviera algún tipo de litigio".

Designamos un Comisionado Especial para recibir las pruebas. Éste así lo hizo y formuló las correspondientes determinaciones de hecho que hemos examinado y hallan apoyo en dichas pruebas. Son las siguientes:

1. El 12 de febrero de 1975 comparecieron cuatro personas ante el querellado, quien actuando como notario, en el documento notarial 25,850, manifiesta que el titulado Pagaré Colateral, que es el Exhibit IV, fue reconocido por Aida Margarita Candelaria ante él. La prueba desfilada demuestra fuera de toda duda que Aida Margarita Candelaria no compareció en forma alguna a hacer tal reconocimiento, ni el contrato de prenda que es el Exhibit V; este último reconocimiento lleva el número 25,851. Una persona que no era Aida Margarita Candelaria compareció y firmó como si fuera Aida Margarita Candelaria.

2. La persona que se hizo pasar como Aida Margarita Candelaria fue identificada con pleno conocimiento del engaño por Israel Candelaria que también reconoció los documentos y tal identificación también la hizo el gerente del banco, Eliseo Serrano Reyes, irresponsablemente porque él no conocía a doña Aida.

3. El querellado dependió de estas poco confiables identificaciones para desempeñar su función notarial y no utilizó las normas confiables y fehacientes de identificación de personas desconocidas para el notario que están prescritas por nuestro ordenamiento jurídico.

4. El querellado no presentó el pleito 78-1309 a que se alude en el segundo cargo y eventualmente pagó la deuda eviden-

ciada por el pagaré — Exhibit IV y que obligaba a Aida Margarita Candelaria.

5. El pleito 80-2072 fue instado por el querellado y su señora madre para reclamar unos derechos que según se asevera en la demanda se originaron en una venta de participación hereditaria en un inmueble que hizo Israel Candelaria por escritura 51, de 29 de septiembre de 1978, ante el notario Miguel A. Chaar. La otra heredera es Aida Margarita Candelaria. Posteriormente y en virtud de sentencia judicial se otorgó una escritura de Partición y Adjudicación de Bienes Hereditarios, la núm. 13 de 4 de octubre de 1979 ante el notario Domingo Pillot Resto. Como puede observarse por la secuencia de las fechas, cuando, según se asevera en estos documentos, se adquiere la participación hereditaria en 1979, ésta no es un bien litigioso.

6. Por los hechos expuestos en la quinta determinación se dispone, en cuanto hechos, del tercer cargo. El bien adquirido no era litigioso.

## I

En cuanto al cargo número I es claro que el querellado, actuando como notario, dio fe de conocer a una persona que no era la que suscribió ante él el pagaré que ante él se debía autenticar. La dación de fe de conocer al otorgante supone una diligencia que no se efectuó en este caso. Véase *In re Olmo Olmo*, 113 D.P.R. 441 (1982).

El querellado tampoco expresó que su conocimiento era a base de testigos de conocimiento, si es que los utilizó. Este método supletorio se emplea cuando el notario no conoce personalmente al otorgante. Ley Notarial, Sec. 16 (4 L.P.R.A. sec. 1016). En los casos "graves y extraordinarios" en que el notario no pueda dar fe del conocimiento del otorgante, ni puedan las partes presentar testigos de conocimiento, puede entonces recurrirse a la utilización de documentos supletorios que indiquen la identidad del compareciente. Ley Notarial, Sec. 16; *In re Olmo Olmo*, ante, pág. 462.

■ El Lcdo. Pérez Rodríguez no cumplió los requisitos que la ley exige al dar fe de conocer a un otorgante de un documento notarial. No utilizó los métodos apropiados y confiables de identificación de desconocidos. Su dejadez exige la sanción apropiada.

## II

■ El segundo cargo guarda estrecha relación con el primero. El querellado sabía que había cometido una falta en el ejercicio de su función notarial. En lugar de informar inmediatamente de ello a los organismos pertinentes, como era su deber, prefirió guardar silencio y solucionar el problema pagando la deuda, colocándose así en el lugar del acreedor y condonando entonces la deuda de la persona que aparecía falsamente asumiendo la obligación en el pagaré que él había notarizado. Con su conducta el querellado violó el último párrafo del Canon 26.[1]

## III

No hallamos méritos en el tercer cargo.

El querellado no engañó a Aida Margarita Candelaria cuando le prometió no cobrarle la deuda que el Banco de San Juan había intentado cobrarle a ella. El pleito que el Lcdo. Pérez Rodríguez entabló contra la señora Candelaria se debía a la supuesta deficiencia en la partición hereditaria. Este último pleito es distinto al instado por el Banco, aunque la misma propiedad estuviese involucrada. Por esta razón no puede acusarse al querellado de haber actuado en contravención de los principios de sinceridad y honradez enunciados en el Canon 35.[2]

---

[1] "Canon 26.—*Derechos y Limitaciones en Relación con Clientes*

. . . . . . . .

"Es impropio de un abogado relevarse de responsabilidad por actos u omisiones negligentes en su gestión profesional."

[2] "Canon 35.—*Sinceridad y Honradez*
"La conducta de cualquier miembro de la profesión legal ante los tribunales,

Coincidimos con el Comisionado Especial cuando expresa que el querellado no compró bienes litigiosos. Cuando él compró su parte de la finca de los Candelaria, ésta no estaba en litigio. El Banco de San Juan había desistido del pleito instado.

Finalmente, el querellado no compró la porción hereditaria de Israel Candelaria para entablar un pleito contra Aida Candelaria. Adquirió esa porción en pago de una deuda. En ningún momento pensó que se le adjudicaría en la partición menos de lo que le correspondía. Tampoco imaginó que tendría que litigar contra Aida Candelaria. Esto, unido a que la cosa adquirida —una parte de la herencia— no era "cosa litigiosa", nos hace concluir que el querellado tampoco violó la Sec. 11 de la Ley del 11 de marzo de 1909 (4 L.P.R.A. sec. 742).(³)

## IV

Las actuaciones del querellado, a que nos hemos referido, le incapacitan para ser depositario de la fe pública y *procede, por tanto, que se le separe permanentemente del ejercicio del notariado.* Su conducta al hacerse cargo de la deuda que fraudulentamente se le imputaba a la Sra. Aida Margarita Candelaria, y pagarla, atenúa el rigor de la acción disciplinaria que merecería como abogado, *bastando por ahora que*

---

para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada."

(³) La misma dice, en lo pertinente:

"Sec. 742. *Compra de cosa litigiosa, prohibida*

"El abogado, o cualquiera otra persona, no comprará, directa ni indirectamente, ni estará en ninguna forma interesado en comprar un bono, pagaré, letra de cambio, cuenta o cualquiera otra cosa litigiosa, con la intención y con el fin de entablar un pleito sobre ello; pero esta disposición no prohibirá que se reciban esos derechos, en pago de propiedad vendida, o por servicios realmente prestados, o por una deuda contraída con anterioridad.

.     .     .     .     .     .     .     .

"Los tribunales velarán por el estricto cumplimiento de lo dispuesto y la infracción a esta disposición será causa para acción disciplinaria del abogado por el Tribunal Supremo de Puerto Rico."

*le suspendamos del ejercicio de la profesión por un período de dos meses a partir del 1 de julio de 1984, y le apercibamos de que cualquier desviación futura por su parte de los Cánones de Ética Profesional podrá merecer nuestra más severa sanción.*

El Juez Asociado Señor Rebollo López limitaría la sanción a la suspensión permanente del ejercicio del notariado. El Juez Asociado Señor Negrón García no intervino.