*In re* FÉLIX A. TORO, JR., querellado.

*Número:* CE-87-505          *Resuelto:* 26 de octubre de 1992

---

(²) La contabilidad de dichas máquinas las lleva a cabo la Compañía de Turismo de Puerto Rico.

*Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General Auxiliar, Antonio Figueroa Rodríguez, Procurador General Auxiliar, Reina Colón de Rodríguez, Procuradora General Auxiliar, Mayra Enid López Mulero, Procuradora General Auxiliar,* y *José Roberto Vega Díaz, Procurador General Auxiliar; José M. Aponte Jiménez,* Comisionado Especial; *Pedro Malavet Vega,* abogado del querellado.

PER CURIAM: Con relación a la querella contra el Lcdo. Félix A. Toro, Jr., a éste se le imputó haber otorgado un affidávit (certificado de incorporación) "sin tener real y efectivamente ante su presencia uno de los suscribientes del mencionado documento público y *sin conocer personalmente a dicho suscribiente en el momento de la celebración del solemne acto notarial*".

El 16 de enero de 1987, con relación a *Pedro Figueroa Medina et al. v. Conchita Calderón de Casillas et al.; Joa-*

*quín R. Casillas, etc. v. Pedro Medina Figueroa, et al.*, RE-86-604, ordenamos a la Procuradora General realizar una investigación e informe sobre la conducta profesional del abogado notario Félix E. Toro, Jr.

Esta resolución la motivó el que en dicho caso (CS-85-1536, CS-85-1575), el Tribunal Superior, Sala de Humacao, hizo la determinación siguiente:

> El balance de la prueba cre[í]da por el Tribunal tiende a establecer que el Notario Público, Lic. Félix E. Toro, no estuvo presente durante la firma del "Certificado de Incorporación", por lo que dicho documento no fue jurado ni suscrito ante notario.
>
> Aún si concediéramos crédito a la prueba de la parte demandante sobre este último hecho, el resultado sería que el documento en si se firmó en una Oficina donde el "notario" [se refiere al Lcdo. Félix A. Toro] no se encontraba por haberse quedado en una antesala, que el notario no conocía personalmente a los otorgantes, Conchita Calderón de Casillas y Abigail Rodríguez Reyes (Abigail Borrero) y que no hizo gestiones para identificar adecuadamente a dichas otorgantes.
>
> No existe controversia alguna de que los otorgantes de dicho certificado de incorporación fueron el Dr. Pedro Medina Figueroa, Doña Conchita Calderón de Casillas y Doña Abigail Rodríguez Reyes.

Luego de que la Procuradora General investigó y nos sometió un informe, ordenamos la presentación de la querella. En ésta se le imputó al Lcdo. Félix A. Toro, Jr., haber otorgado "el affidavit 44,583 sin tener real y efectivamente ante su presencia uno de los suscribientes del mencionado documento público [Conchita Calderón de Casillas] y *sin conocer personalmente* a dicho suscribiente en el momento de la celebración del solemne acto notarial". El licenciado Toro contestó la querella negando que no estuvo presente al momento de firmarse el documento. Admitió que para esa fecha no conocía personalmente a la compareciente Sra. Conchita Calderón de Casillas, pero sí de referencia. También admitió no haber consignado en el documento el nombre de los testigos de identificación. Expresó, además, "que a tenor con todas las circunstancias

que rodearon el acto no alber[gaba] dudas sobre la identidad de los declarantes".

Nombramos al Lcdo. José M. Aponte Jiménez como Comisionado Especial y, luego de una serie de trámites procesales y vista, éste rindió un informe en el cual, en lo pertinente, concluye:

> Un análisis integral de toda la prueba testifical presentada, incluyendo el comportamiento observado por los testigos mientras declaraban y la forma en que lo hicieron, nos inclina a atribuirle mayor garantía de veracidad a la aportada por el querellado, aún cuando ambas son probables. La versión de la quejosa, Sra. Conchita Calderón de Casillas, contraria a la del querellado, produce en nuestro ánimo aquella incertidumbre e insatisfacción que genera la falta de certeza y convicción moral de que los hechos ocurrieron tal y como ella los relata en lo que se refiere a la ausencia del querellado al momento de otorgarse el certificado de incorporación.
>
> ... Estimada la credibilidad que nos merece la prueba testifical aportada determinamos como cuestión de hecho que el querellado. estuvo presente al momento que la quejosa, Conchita Calderón de Casillas, suscribió el certificado de incorporación que alude la querella presentada en su contra. *Asimismo, determinamos que las testigos Conchita Calderón de Casillas y Abigail Rodríguez Reyes, quien también suscribió el referido certificado, fueron identificadas al querellado por el Sr. Juan Aulet en el mismo acto del otorgamiento del certificado de incorporación, por aquél no conocerlas. No obstante ello, el querellado omitió expresar tal circunstancia al notarizar el documento. Por el contrario, hizo constar que conocía personalmente a los que lo suscribieron cuando ello no era cierto en lo referente a los otorgantes, Conchita Calderón de Casillas y Abigail Rodríguez Reyes.* (Énfasis suplido.)

■ El Art. 17 de la Ley Notarial de 1987, Ley Núm. 75 de 2 de julio de 1987 (4 L.P.R.A. sec. 2035), provee, como medio supletorio de identificación, "[l]a afirmación de una persona que conozca al otorgante y sea conocida por el notario, siendo aquélla responsable de la identificación y el notario de la identidad del testigo".

■ En *In re Landing; y Aulet,* 107 D.P.R. 103, 114

(1978), expresamos que "[l]a esencia de la función notarial es dar fe —por conocimiento directo personal o a través del testigo de conocimiento del otorgante— de la identidad de las personas que han comparecido a suscribir un [documento]". Después de todo, éste es "[e]l mecanismo para lograr correspondencia real y legítima entre persona y firma ... En otras palabras, la fe de conocimiento persigue evitar la suplantación de las partes en el otorgamiento". (Énfasis suplido.) *Sucn. Santos v. Registrador*, 108 D.P.R. 831, 837 (1979).

Hemos reconocido que la fe del conocimiento de los otorgantes es de importancia suprema e imperiosa en la gestión notarial. Véanse: *In re Olmo Olmo*, 113 D.P.R. 441 (1982); *In re Pérez Rodríguez*, 115 D.P.R. 547 (1984). Después de todo, "en principio es necesario que el notario garantice la identidad de las personas que intervienen en un negocio jurídico, porque la ilación entre unas situaciones y otras exige, para dar certidumbre a las relaciones jurídicas, que se fundamente bajo la fe notarial el punto de unión o conexión, que es precisamente la persona que ostentando un derecho lo transmite a favor de otra". J.M. Sanahuja y Soler, *Tratado de Derecho Notarial*, Barcelona, Ed. Bosch, 1945, T. 1, pág. 457.

En *In re Olmo Olmo*, supra, pág. 464, expresamos, con relación a los testigos de conocimiento, que éstos "no sólo deben conocer al otorgante, sino ser conocidos por el notario en aquellas cualidades básicas de solvencia moral". Recalcamos, además, que con respecto a la responsabilidad disciplinaria del notario, ésta "necesariamente dependerá del grado de diligencia, con relación al cuadro fáctico real ante sí". Íd.

En el caso de autos, no se probó que uno de los suscribientes en un certificado de incorporación no compareció personalmente ante el abogado notario Félix A. Toro, Jr. Sin embargo, sí quedó probado que éste no conocía personalmente a dos (2) de los suscribientes, Conchita Calderón de Casillas y Abigail Rodríguez Reyes, y que éstas fueron

identificadas por el Sr. Juan Aulet. El propio notario Toro, Jr. admitió en su contestación a la querella que *él no conocía personalmente* a la Sra. Conchita Calderón de Casillas, una de las suscribientes del Certificado de Incorporación de Academia de Belleza Oriental, Inc. También se probó que el licenciado Toro Jr. expresó en el documento que conocía personalmente a los que lo suscribieron, cuando ello no era cierto.

La gravedad de la actuación del notario Félix A. Toro, Jr. no puede subestimarse ni reducirse a una simple transgresión técnica, sin importancia de la Ley Notarial de 1987.

Por todo lo antes expuesto, *se dictará sentencia decretando la suspensión por seis (6) meses del ejercicio de la notaría del abogado notario Félix A. Toro, Jr., y ordenamos la incautación de sus protocolos.*