EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>José R. Franco Rivera | 2019 TSPR 242<br><br>203 DPR _____ |

Número del Caso:  CP-2017-21

Fecha:  30 de diciembre de 2019

Oficina del Procurador General:

        Lcdo. Isaías Sánchez Báez
        Procurador General

        Lcda. Lorena Cortes Rivera
        Subprocuradora General

        Lcda. Yaizamarie Lugo Fontánez
        Procuradora General Auxiliar

Abogado del Querellado:

        Lcdo. Santiago Gutiérrez-Armstrong

Comisionado Especial:

        Hon. Isabel Llompart Zeno

Materia:  La suspensión será efectiva el 13 de enero de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re:*<br><br>José R. Franco Rivera<br><br>(TS-7,127) | CP-2017-0021 |  |

**PER CURIAM**

En San Juan, Puerto Rico, a 30 de diciembre de 2019.

En esta ocasión nos corresponde determinar si el Lcdo. José R. Franco Rivera infringió el Canon 26 del Código de Ética Profesional, *infra*, al presuntamente condicionar un acuerdo de pago, en una acción civil en daños y perjuicios por impericia profesional, a que se retirara y no se presentaran otras querellas éticas en su contra. Los hechos que originaron estas imputaciones surgieron luego que le desestimaran una causa de acción a los quejosos en la que el abogado los representaba. Por entender que el proceder del letrado se apartó de lo que prescriben los referidos cánones, procede ejercer nuestra facultad disciplinaria. Veamos.

I

El Lcdo. José R. Franco Rivera fue admitido al ejercicio de la abogacía el 15 de mayo de 1981 y al ejercicio del

notariado el 17 de junio del mismo año.[1] La Sra. Vivian Díaz Albaladejo, la Sra. Dalila Bauzó Quiñones, la Sra. Nilsa Rodríguez Meléndez y el Sr. Eric Rodríguez Zapata presentaron dos quejas contra el licenciado Franco Rivera por su desempeño en dos casos civiles en los que el abogado los representaba en el Tribunal Federal de los Estados Unidos para el Distrito de Puerto Rico.[2] En síntesis, alegaron que contrataron los servicios del licenciado Franco Rivera para que los representara en una acción de daños y perjuicio en el Tribunal Federal. De acuerdo con los quejosos, el foro federal desestimó con perjuicio su causa de acción por el pobre desempeño del abogado. Por ello, a su vez, los quejosos instaron sendas demandas en el Tribunal de Primera Instancia contra el licenciado Franco Rivera por impericia profesional.[3]

---

[1] El licenciado Franco Rivera fue suspendido de la práctica de la profesión legal el 15 de marzo de 2017. Posteriormente, el 13 de septiembre de 2017 fue reinstalado únicamente al ejercicio de la abogacía. Por lo que actualmente se encuentra suspendido de la práctica de la notaría.

[2] La señora Díaz Albaladejo y la señora Bauzó Quiñones presentaron la queja AB-2001-0203 el 18 se septiembre de 2001. La señora y el señor Rodríguez presentaron la queja AB-2001-0210 el 28 de septiembre del mismo año. Para la queja AB-2001-0210 se ordenó el archivo, mediante Resolución de 7 de marzo de 2003. En cuanto a la queja AB-2001-0203 se continuó con el proceso disciplinario y que presentó la querella CP-2002-0005. Como veremos más adelante, posteriormente, también se ordenó el archivo de esta.

[3] Al caso *Dalila Bauzó Quiñones y otros v. José R. Franco* se les asignó el alfanumérico KDP 2001-2281 y al caso *Vivian Díaz Albaladejo y otros v. José R. Franco* se le asignó el alfanumérico KDP 2001-2282.

El 6 de mayo de 2002, la Oficina del Procurador General presentó la Querella **CP-2002-0005**. En esta se imputó al licenciado Franco Rivera haber infringido los Cánones 18 y 19 del Código de Ética Profesional, 4 LPRA Ap. IX, mientras ostentó la representación de los promoventes en los casos ante el foro federal. Sin embargo, posteriormente, a solicitud del Procurador General paralizamos el procedimiento disciplinario hasta que las demandas instadas ante el foro de primera instancia advinieran finales y firmes, ya que las alegaciones estaban relacionadas con las controversias de la querella.

Posteriormente, el licenciado Franco Rivera afrontó otro procedimiento disciplinario que culminó en la suspensión del letrado del ejercicio de la abogacía y de la notaría por tres años.[4] Al momento de notificar la suspensión se incautó la obra protocolar y el sello notarial del letrado. Posteriormente, la ODIN remitió un informe en el que señaló varias deficiencias en la obra protocolar del notario. Ordenamos al licenciado Franco Rivera a subsanar las deficiencias sustantivas, así como una deficiencia arancelaria. No obstante, este no dio cumplimiento a nuestra orden. Por ello, referimos el asunto al Departamento de Justicia y ordenamos al Tribunal de Primera Instancia a iniciar un procedimiento de desacato contra el abogado por

---

[4] Véase Opinión *per curiam In re Franco Rivera*, 169 DPR 237 (2006).

incumplir con las órdenes de este Tribunal. Ante este escenario, el 29 de marzo de 2007 emitimos una *Resolución* mediante la cual dejamos pendiente la Querella **CP-2002-0005** hasta que el licenciado Franco Rivera solicitara la reinstalación.

Luego de varios incidentes procesales, el 18 de noviembre de 2010 el licenciado Franco Rivera presentó una *Petición de reinstalación al ejercicio de la práctica de la profesión de abogado*.[5] Concedimos un término a la Oficina de Inspección de Notarías (ODIN) para que se expresara sobre la solicitud del querellado. El 10 de mayo de 2011 la ODIN presentó *Moción en cumplimiento de orden*. En síntesis, informó que la deuda arancelaria en la obra notarial del abogado había sido subsanada por el abogado y por la fianza notarial. Añadió que durante los pasados dos años el licenciado Franco Rivera había trabajado diligentemente para la subsanación de su obra notarial. Sin embargo, recomendó la reinstalación únicamente al ejercicio de la abogacía.

Tiempo después que comenzó el juicio en el caso civil por impericia profesional, las partes llegaron a un acuerdo confidencial por el desistimiento de su causa de acción ante el foro federal. Mediante el *Documento privado y confidencial de acuerdo y satisfacción*, suscrito el 1 de abril de 2011, los promoventes (las señoras Bauzó Quiñones y Rodríguez

---

[5] El 1 de octubre de 2009 el licenciado Franco Rivera presentó una *Moción de reinstalación al ejercicio de la profesión*. No obstante, la denegamos por prematura.

Meléndez y el señor Arnaldo Maestre Pujals) se comprometieron a retirar la querella **CP-2002-0005** y a presentar una moción de desistimiento con perjuicio en el pleito civil en el foro de primera instancia.[6]

Así las cosas, el 27 de mayo de 2011, el licenciado Franco Rivera presentó una *Petición uniforme de reinstalación al ejercicio de la práctica de la profesión de abogado*. Sostuvo que en las demandas por impericia profesional que se presentaron en su contra los querellantes solicitaron retirar la querella con perjuicio. Añadió que quedó pendiente la disposición de unos acuerdos del caso civil en el que también habían desistido con perjuicio. Con su moción anejó copia de una *Moción para retiro de querella* fechada y firmada por los promoventes. El contenido exacto de la moción se plasma a continuación:

> Al Honorable Tribunal:
>
> Comparece la parte querellante y muy respetuosamente solicitamos el retiro, con perjuicio de la querella CP2002-0005 que tenemos radicada contra la parte querellada en este Tribunal.
>
> Respetuosamente sometido.[7]

---

[6] Además, el 15 de abril de 2011 presentaron ante este Tribunal una moción para retirar la querella CP-2002-0005. Es oportuno aclarar que el señor Maestre Pujals no fue parte promovente en ninguna de las quejas que originaron la querella CP-2002-0005. No obstante, al ser parte demandante en el pleito civil, y como parte del acuerdo, este firmó la solicitud de archivo de la querella y la solicitud de desistimiento en el caso civil.

[7] Esta moción se presentó con un *Documento privado y confidencial de acuerdo y satisfacción*. Surge del expediente que el 9 de junio de 2011, el Tribunal de Primera Instancia emitió *Sentencia de archivo por desistimiento* en el caso *Dalila Bauzó Quiñones v. José Franco Rivera*, KDP2001-2281.

El 3 de junio de 2011 emitimos una *Resolución* para referir la solicitud de reinstalación a la Comisión de Reputación al Ejercicio de la Abogacía (la Comisión). Luego de celebrar la vista correspondiente, la Comisión presentó un *Informe y recomendación interlocutoria al Tribunal Supremo*. En síntesis, recomendó detener la solicitud de reinstalación y remitir las quejas que el abogado tenía pendientes a la Oficina de la Procuradora General.

Examinado el informe, el 4 de noviembre de 2011 emitimos una *Resolución* mediante la cual ordenamos la reinstalación del licenciado Franco Rivera únicamente al ejercicio de la abogacía y referimos las quejas a la Oficina del Procurador General. El 14 de marzo de 2012, la Procuradora General Auxiliar, Ivonne Casanova Pelosi, presentó una *Moción en cumplimiento de orden* en la Querella **CP-2002-0005**. En síntesis, expuso que del expediente judicial del Tribunal de Primera Instancia, sobre la demanda civil que presentaron los promoventes, surgía una *Sentencia por desistimiento*. Por esta razón, y por el hecho de que los quejosos no tenían interés en continuar con la querella, la Procuradora General Auxiliar expresó que no tenía reparos en que la Querella **CP-2002-0005** se archivara. En consecuencia, mediante *Resolución* de 25 de octubre de 2013, **ordenamos el archivo de esta querella.**

Ahora bien, el 31 de marzo de 2016 los promoventes (las señoras Rodríguez Meléndez y Bauzó Quiñones y el señor

Maestre Pujals) presentaron **otra queja** contra el licenciado Franco Rivera.[8] Alegaron que este incumplió con el convenio de pago y ellos a su vez a retirar la querella CP-2002-0005. Solicitaron que reabriéramos la querella original, amonestáramos al abogado y lo obligáramos a cumplir con el acuerdo.

Por su parte, el abogado contestó la queja. Adujo que en ese momento entendía que luego de ser reinstalado podía cumplir con el acuerdo pero que había afrontado dificultades para lograrlo. Puntualizó que envió varios mensajes de texto al señor Maestre Pujals que demostraban que siempre tuvo el interés de **"cumplir con el compromiso monetario que hi[zo] para lograr que los quejosos desistieran de la queja originalmente radicada, y que ello no fuera óbice para que el Tribunal Supremo ordenara [su] reinstalación"**. Así las cosas, remitimos el asunto a la Oficina de la Procuradora General para la investigación y el informe correspondiente.

El 30 de septiembre de 2016 la Procuradora General emitió el informe correspondiente. Concluyó que el licenciado Franco Rivera trasgredió los preceptos del Canon 26 del Código de Ética Profesional, *supra*, al condicionar la transacción de la demanda en daños y perjuicios por impericia profesional y el pago de una indemnización a que los promoventes informaran a este Alto Foro su intención de

---

[8] Se le designó el alfanumérico **AB-2016-0105**.

retirar la querella CP-2002-0005 mientras se encontraba suspendido de la profesión.

Por su parte, el letrado presentó un escrito que tituló *Comentarios en torno al Informe de la Procuradora General*. Expresó que no tuvo la intención de condicionar la transacción de la reclamación en daños por impericia profesional al retiro de la querella. Señaló que fueron los quejosos quienes decidieron "liberar cualquier escollo para que el suscribiente pudiera ser reinstalado a la brevedad posible, y lograr cumplir con el acuerdo de pago".

Posteriormente, el 15 de marzo de 2017, suspendimos al licenciado Franco Rivera indefinidamente del ejercicio de la abogacía por incumplir con nuestras órdenes en reiteradas ocasiones.[9] El mismo día, por motivo de la suspensión, archivamos administrativamente la queja AB-2016-105. Transcurridos seis meses desde la suspensión lo reinstalamos al ejercicio de la abogacía. Asimismo, activamos la queja que presentaron los promoventes y ordenamos al Procurador General a presentar la querella correspondiente.

El 21 de diciembre de 2017 se presentó la Querella **CP-2017-0021**. En esta, la Procuradora General Auxiliar concluyó que el licenciado Franco Rivera infringió los preceptos del Canon 26 de Ética Profesional, *supra*, al condicionar la transacción de la demanda en daños y perjuicios y el pago de una indemnización, a que los

---

[9] Véase *In re Franco Rivera*, 197 DPR 628 (2017).

promoventes retiraran las querellas presentadas en su contra y la presentación de cualquier otra queja.

El 3 de mayo de 2018 designamos a la Hon. Isabel Llompart Zeno, Ex Jueza Superior del Tribunal de Primera Instancia, como Comisionada Especial, para recibir la prueba y rendir un informe. Luego de celebrar la vista en su fondo, el 28 de noviembre de 2018 la Comisionada nos rindió su informe. En síntesis, concluyó que el licenciado Franco Rivera infringió el Canon 26 del Código de Ética Profesional, *supra*, al relevarse de responsabilidad por sus actos y omisiones negligentes, exonerarse contractualmente de su responsabilidad profesional en la querella que presentaron los quejosos y al transigir y condicionar la acción civil en daños por mala práctica profesional a que no se presentara una querella ética en su contra.

El 25 de febrero de 2019 el licenciado Franco Rivera presentó una *Moción objetando [el] informe de la Comisionada*. En síntesis, alegó que en ningún momento negoció la querella sino la causa de acción. Adujo que la idea del acuerdo la originaron el abogado de la parte demandante y esta última. Señaló que "como parte de la manipulación [y] hasta cierto grado de presión [también] hubo cierta intimidación" para que él aceptara la oferta de indemnización para transigir el caso por mala práctica, de lo contrario, estos continuarían con la querella. Sostuvo que él lo que quería era

"deshaser[s]e de la acción civil y de todos los riesgos que lo acontecido podría generar".

Contando con el beneficio del Informe de la Comisionada Especial y las comparecencias de las partes, pasamos a determinar si el querellado cometió la falta imputada.

## II

El Canon 26 del Código de Ética Profesional, *supra*, dispone que ningún abogado está obligado a representar a determinado cliente y es su derecho aceptar o rechazar representarle legalmente. En ese sentido, establece que es altamente impropio aconsejar transacciones o actos que sean contrarios a la ley, presentar pleitos viciosos o falsas defensas con la justificación de actuar conforme a las instrucciones de su cliente. Cónsono con ello, advierte que el abogado debe obedecer siempre a su propia conciencia y no a la de su cliente. Finalmente, señala que **"es impropio de un abogado relevarse de responsabilidad por actos u omisiones negligentes en su gestión profesional"**.[10]

Nótese, que ese Canon no prohíbe que un abogado informe y acepte ante su cliente tener responsabilidad por los errores y las omisiones que puedan ser atribuibles a su persona. Tampoco impide que, en el desempeño de sus funciones, haya incurrido en negligencia y por ello pueda

---

[10] Canon 26 del Código de Ética Profesional, 4 LPRA Ap. IX.

indemnizar extrajudicialmente al perjudicado.[11] Por el contrario, se concibe que ese "es un deber deontológico que forma parte del honor del abogado".[12] No obstante, los Cánones de Ética Profesional, *supra*, prohíben que el abogado se valga de mecanismos ilegítimos para liberarse de esa responsabilidad. Y que, de esta manera, condicione una transacción o acuerdo a que un cliente retire o no presente una queja disciplinaria en su contra. En este caso debemos auscultar si las acciones del licenciado Franco Rivera se apartaron de lo que el referido canon proscribe.

Antes de adentrarnos en esta encomienda, resaltamos que, la Regla 14 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, establece el procedimiento disciplinario aplicable a los abogados y a los notarios. En específico, dispone que le corresponde al Comisionado Especial designado celebrar una vista para recibir la prueba y emitir un informe. De manera que, sus determinaciones fácticas gozan de nuestra deferencia, por encontrarse en mejor posición para aquilatar la prueba testifical y adjudicar credibilidad.[13] Asimismo, hemos resuelto que este Tribunal no está obligado a aceptar el Informe del Comisionado Especial designado para atender la querella contra un abogado. Es decir, tenemos la facultad

---

[11] *In re Pagán Ayala*, 117 DPR 180 (1986).

[12] Íd., citando a H. Viñas, *Ética y derecho de la abogacía y procuración*, Buenos Aires, Ed. Pannedille, 1977, págs. 136-137 y a *In re Pérez Rodríguez*, 115 DPR 547 (1984).

[13] *In re Acevedo Álvarez*, *supra*.

para adoptar, modificar o rechazar tal Informe.[14] Sin embargo, de ordinario sostenemos las conclusiones de hecho determinadas por el Comisionado Especial, a menos que se demuestre prejuicio, parcialidad o error manifiesto.[15]

**III**

Luego de examinar y estudiar con detenimiento el expediente de este caso, concluimos que el licenciado Franco Rivera infringió el Canon 26 del Código de Ética Profesional. Indudablemente, según determinó la Comisionada Especial, el abogado se apartó de lo que disponen los Cánones de Ética Profesional e incurrió en las faltas éticas imputadas. Ello, al condicionar el acuerdo a que los promoventes retiraran las querellas en su contra. El propio abogado reconoció que su interés era lograr que los quejosos retiraran las quejas para él poder ser reinstalado.

En consecuencia, nos corresponde determinar la sanción disciplinaria a imponerle al licenciado Franco Rivera por el comportamiento exhibido. Al fijarla, procede que consideremos los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial disciplinario; (3) si la conducta es una aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa frívola de su conducta; (6) si

---

[14] Íd. Véanse, además, *In re Irizarry Rodríguez*, *supra*, págs. 666-667; *In re Guzmán Guzmán*, 181 DPR 495, 511 (2011).

[15] *In re García Ortiz*, 187 DPR 507 (2012); *In re Torres Viñals*, 180 DPR 236 (2010).

ocasionó perjuicio a alguna parte; (7) si resarció al cliente; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fuera imputada; y (9) otros atenuantes o agravantes que surjan de los hechos.[16]

La Comisionada Especial recomendó que al momento de imponer una sanción disciplinaria consideráramos la gravedad de su conducta, así como los atenuantes y agravantes en el caso. Cónsono con lo anterior, expuso como atenuante que no hubo "ánimo de lucro" por parte del abogado porque al suscribir el acuerdo él se obligó a pagar una indemnización; aunque este no cumplió con el acuerdo. En cuanto a los agravantes, identificó los siguientes: (1) que los promoventes resultaron perjudicados por las acciones del abogado; (2) que este no resarció a los clientes; (3) que, a pesar de que no negó los hechos, trató de justificar la razón por la cual suscribió el acuerdo y presentó una "defensa totalmente inmeritoria y carente de fundamento legal"; (4) que la insistencia en justificar su conducta demuestra su falta de arrepentimiento y, aunque aceptó los hechos, su parecer era que la conducta no era antiética; (5) sobre su historial disciplinario anejó una tabla que refleja que ha sido suspendido de la práctica de la abogacía en tres

---

[16] *In re Rivera Rodríguez*, 2019 TSPR 140, 202 DPR __ (2019); *In re Roldán González*, 196 DPR 1043 (2016); *In re Miranda Daleccio*, 194 DPR 959 (2016); *In re Planas Merced*, 180 DPR 179 (2010).

ocasiones.[17] En esta también se demuestra que la conducta del abogado no constituye una conducta aislada. En cuanto al factor restante señaló que no se presentó prueba sobre "la reputación del abogado en su comunidad". Ante estas circunstancias, coincidimos con la sanción que recomendó la Comisionada Especial. Por ello, suspendemos inmediata e indefinidamente al licenciado Franco Rivera del ejercicio de la abogacía.

## IV

Por las razones antes expuestas, decretamos la suspensión inmediata e indefinida del licenciado Franco Rivera. En consecuencia, se le impone el deber de notificar, de forma inmediata, a todos sus clientes sobre su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados. Asimismo, tiene la obligación de informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior en un término de treinta

---

[17] Véanse *In re Franco Rivera*, 197 DPR 628 (2017), suspensión inmediata e indefinidamente por incumplir con las órdenes del Tribunal, patrón de desidia y falta de interés en continuar ejerciendo la profesión; *In re Franco Rivera*, 169 DPR 237 (2006), suspensión por el término de tres años de la abogacía por violación a los Cánones 18, 19, 20, 33 y 34; *In re Franco Rivera y Masini Soler*, 134 DPR 823 (1993), suspensión por el término de seis meses por violación a los Cánones 34 y 35 del Código de Ética Profesional, *supra*.

días contados a partir de la notificación de esta Opinión *per curiam* y *Sentencia*. No hacerlo pudiera conllevar a que no se le reinstale cuando lo solicite.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re:* |  |  |
| José R. Franco Rivera | CP-2017-0021 |  |
| (TS-7,127) |  |  |

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de diciembre de 2019.

Por las razones expuestas en la opinión *per curiam* que antecede, decretamos la suspensión inmediata e indefinida del Lcdo. José R. Franco Rivera. En consecuencia, se le impone el deber de notificar, de forma inmediata, a todos sus clientes sobre su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados. Asimismo, tiene la obligación de informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior en un término de treinta días contados a partir de la notificación de esta Opinión *per curiam* y *Sentencia*. No hacerlo pudiera conllevar a que no se le reinstale cuando lo solicite.

Notifíquese personalmente esta Opinión *per curiam* y *Sentencia* al señor Franco Rivera por la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Jueza Presidenta Oronoz Rodríguez, la Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Kolthoff Caraballo no intervinieron. El Juez Asociado señor Martínez Torres no interviene.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina